**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAIRYLAND INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                                                  **Case No. 8:07-cv-2091-T-30MSS**

**ANGEL DARLENE CHADWICK, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Francisco Morales' Motion to Dismiss Complaint and Supporting Memorandum of Law (Dkt. #9), and Plaintiff's Response and Memorandum of Law in Opposition to Defendant Morales' Motion to Dismiss (Dkt. #10). The Court, having considered the motion, response in opposition, memoranda of the parties, complaint, exhibits, and being otherwise advised in the premises, concludes that Defendant's motion should be denied.

### **Background**.

On November 14, 2007, Plaintiff Dairyland Insurance Company ("Plaintiff" or "Dairyland") filed a Complaint for Declaratory Judgment for the purposes of determining the rights and obligations, if any, of the parties under an automobile insurance policy.[1] In the Complaint for Declaratory Relief, Dairyland alleges that diversity jurisdiction exists among

---

[1] Dkt. #1.

the parties and that the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.[2]

The Policy.

The automobile insurance policy in question was issued by Dairyland to Defendant Angel Darlene Chadwick ("Chadwick") on or about January 11, 2006, for a six month term (the "Policy").[3] The Policy provides bodily injury coverage of $10,000 per person and $20,000 each incident. The Policy also provides property damage coverage of $10,000 each incident.

The Underlying Lawsuit.

On February 26, 2006, Gladys Beltran Morales ("Morales") was involved in an automobile accident (the "accident") with Defendant Larry Kennedy, Jr. ("Kennedy"). Morales was pronounced dead at the scene of the accident. Subsequently, Francisco Morales, as the personal representative of Morales' estate (the "Estate") filed a Complaint in the Circuit Court of Polk County against Larry Kennedy, Jr. (as the driver) and Angel Chadwick (as the owner of the vehicle) under the Florida Wrongful Death Act alleging actions arising under theories of negligence and vicarious liability (the "Underlying Lawsuit").[4] In the Underlying Lawsuit, the Estate alleges damages in excess of $15,000. In addition, the Estate seeks the following damages: medical and funeral expenses due to

---

[2] Complaint for Declaratory Relief, Dkt. #1, Paragraph 13.

[3] Dkt. #1-2.

[4] Dkt. #1-3.

Morales' injury and death, Morales' husband's mental pain and suffering, loss of companionship, loss of net accumulations, plus any other damages permitted under the Florida Wrongful Death Act.

Declaratory Action.

Dairyland is currently representing Chadwick in the Underlying Lawsuit subject to a reservation of rights. The Estate has demanded that Dairyland provide coverage under the Policy for the Estate's damages and claims that are the subject of the Underlying Law Suit. In the instant action, Dairyland claims that an actual controversy exists among the parties as to whether coverage is afforded under the Policy for the Estate's claims against Chadwick and Kennedy in the Underlying Lawsuit. This would include Dairyland's duty, if any, to defend or indemnify Chadwick or Kennedy in regard to such claims.

**Motion to Dismiss Standard Under 12(b)(1)**.

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). "Facial attacks" on the complaint "require the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Id.* at 1529. "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

These two forms of attack differ substantially. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court

must consider the allegations of the complaint to be true." *Id*. "But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. At issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## Analysis.

The Estate argues herein that Dairyland's declaratory action should be dismissed for failure to establish subject matter jurisdiction. Specifically, the Estate argues that the maximum limits provided in the Policy (combined policy limits totaling $40,000) are well below the $75,000 jurisdictional threshold. In response, Dairyland argues that in addition to its exposure under the Policy in the amount of $40,000, it has also incurred and continues to incur defense costs on behalf of Chadwick and Kennedy in the litigation of the Underlying Lawsuit.

In order to invoke a federal district court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "When a plaintiff seeks injunctive relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th

Cir. 2003), citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mutual*, 329 F.3d at 807, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id*. However, where jurisdiction is based on a claim for indeterminate damages, the "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996).

"In an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the insured in the underlying lawsuit." *Clarendon America Ins. Co. v. Miami River Club, Inc.*, 417 F.Supp.2d 1309, 1316 (S.D. Fla. 2006).

Upon a review of the complaint filed in the Underlying Lawsuit, the Court concludes that Dairyland has shown by a preponderance of the evidence that the monetary value of the Underlying Lawsuit from Dairyland's perspective meets the jurisdictional minimum. Dairyland faces potential exposure of combined Policy limits in the total amount of $40,000. It appears that if the Estate is successful in its suit against Chadwick and Kennedy then its

claimed damages for wrongful death in the Underlying Lawsuit will meet or exceed $40,000. Additionally, in the Court's opinion, Dairyland's costs of defense for Chadwick and Kennedy could forseeably exceed $35,000 in the Underlying Lawsuit. The sum of these factors effectively satisfies the minimum jurisdictional threshold required under § 1332.

Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

It is therefore ORDERED AND ADJUDGED that Defendant Francisco Morales' Motion to Dismiss Complaint and Supporting Memorandum of Law (Dkt. #9) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-2091.mtd 9.wpd